UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-26140-MOORE/Elfenbein

MARÍA ELENA
UZCÁTEGUI CASTRO, *et al.*,

   Plaintiffs*,*

v.

RAFAEL JOSÉ QUERO SILVA,

   Defendant*.*

              /

## ORDER ON PLAINTIFFS' MOTION TO COMPEL

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Compel Defendant's Initial Disclosures, Responses to Plaintiffs' Requests for Production, and Answers to Plaintiffs' First Set of Interrogatories (the "Motion to Compel").  *See* ECF No. [20].  For the reasons discussed below, Plaintiffs' Motion to Compel, **ECF No. [20]**,  is **GRANTED.**

## I.  BACKGROUND

Plaintiffs filed this action against Defendant alleging claims under the Torture Victims Protection Act, 28 U.S.C. § 1350.  *See generally* ECF No. [1].  Plaintiffs allege Defendant facilitated and participated in the torture of each Plaintiff while he was the Lieutenant Colonel of the Guardia Nacional Bolivariana ("GNB unit") in Barquisimeto, Lara.  ECF No. [1] at 1.  More specifically, Plaintiffs state that "[b]etween 2013 and 2014, Defendant exercised control of the GNB unit" and "used his authority to orchestrate a violent crackdown on political dissent, targeting Venezuelan civilians who protested the contentious election of Nicolás Maduro in 2013 or who opposed the Venezuelan government."  *Id.*  In overseeing these acts, Defendant purportedly

"ordered, authorized, and oversaw the torture of protesters and detainees, including the torture of each" Plaintiff.  *Id.*

During this litigation, Plaintiffs' counsel met with Defendant, a *pro se* litigant in the custody of U.S. Immigration and Customs Enforcement ("ICE") at Krome Detention Center in Miami-Dade County, Florida, for the purpose of preparing their Joint Scheduling Report.  *See* ECF No. [20] at 2; ECF No. [20-1]; ECF No. [20-2].  On February 17, 2026, Plaintiffs unilaterally filed a Scheduling Report due to what they characterize as Defendant's refusal to participate in the process, *see* ECF No. [14]; ECF No. [20] at 2, and Plaintiffs thereafter timely served their Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), *see* ECF No. [20] at 2. Defendant, on the other hand, did not serve his Rule 26(a)(1) Initial Disclosures.  *See* ECF No. [20] at 2.  In response to Plaintiffs' meet-and-confer correspondence, Defendant expressed an inability to comply with this requirement due to his status as a detainee, indigency, lack of understanding as to what is required, and lack of access to translators.  *See* ECF No. [20-2] at 2; ECF No. [20-4] at 3.

Thereafter, on April 9, 2026, Plaintiffs served their Requests for Production and First Set of Interrogatories on Defendant, making his responses due no later than May 11, 2026.  *See* ECF No. [20] at 2.  Defendant, however, failed to respond to these discovery requests.  *Id.*  Plaintiffs similarly contacted Defendant via letter at the Krome Detention Center, informing him that his responses to the foregoing discovery requests were past due and demanding responses no later than May 20, 2026.  *See* ECF No. [20-5] at 2.

Following these exchanges, Defendant still did not serve his Rule 26(a)(1) Initial Disclosures or his responses to the Requests for Production and Interrogatories.  *See* ECF No. [20] at 3.  As a result, Plaintiffs requested permission to file a written motion to compel discovery,

CASE NO. 25-CV-26140-MOORE/Elfenbein

which the Court granted, and they did so on June 4, 2026. *See* ECF No. [20] at 1 n.1; ECF No. [23]. The Court thereafter entered an Order giving Defendant until June 29, 2026 to file his Response to the Motion to Compel. *See* ECF No. [23]. To date, Defendant has not filed a response and the time for doing so has long expired. The Motion to Compel is now ripe for review.

## II.     LEGAL STANDARD

### A.  Rule 26(a)(1) Initial Disclosures

Pursuant to Rule 26(a)(1), except as exempted by Rule 26(a)(1)(B), parties generally "must, without waiting for a discovery request, provide to other parties:" (1) "the name, and if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;" (2) "a copy–or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;" (3) "a computation of each category of damages claimed by the disclosing party . . . ;" and (4) "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1). "The purpose of initial disclosures under Rule 26(a) is to 'accelerate the exchange of basic information about the case' and to facilitate 'early disclosure . . . of . . . types of information that have been customarily secured early in litigation through formal discovery." *Spano v. Satz,* No. 09-CV-60255, 2010 WL 11515694 at *3 (S.D. Fla. Jan 29, 2010) (ellipsis in original).

### B.  Interrogatories and Requests for Production

Pursuant to Rule 33, a party may pose interrogatories related to any matter into which Rule 26(b) allows inquiry.  Fed. R. Civ. P. 33(a)(2).  Similarly, Rule 34 allows a party to serve requests for production of documents that are in the possession, custody, or control of the party upon whom the request is served.  Fed. R. Civ. P. 34(a).  "Control is defined not only as possession, but as the legal right to obtain documents requested upon demand."  *Searock v. Stripling*, 736 F. 2d 650, 653 (11th Cir. 1984).

### C.  Application of Rules 26, 33, and 34 to *Pro Se* Litigants

While federal courts generally treat *pro se* litigants with some leniency, they must still comply with the Federal Rules of Civil Procedure and participate in the litigation process.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("Still, once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").  Indeed, "[i]f a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant," including the assessment of costs and monetary sanctions.  *Id.*

As for document production, while courts appreciate the difficulty an incarcerated *pro se* litigant may face in producing responsive documents, the litigant must still make a good faith effort to produce documents and comply with his or her discovery obligations.  *See Puccio v. Scalfani*, No. 12-CV-61840, 2013 WL 4068782, at *2 (S.D. Fla. Aug. 12, 2013) (citation omitted) (requiring incarcerated litigant to make a good faith effort to obtain responsive documents despite his various objections); *White v. De La Osa*, No. 07-CV-23381, 2012 WL 202822, at *1 (S.D. Fla. Jan. 23, 2012) ("[A]lthough Plaintiff is incarcerated, if any family members or friends are storing documents for him until he is released from prison, then Plaintiff must attempt to obtain copies of

4

any responsive documents from the storage locations."). If, after exhausting all available resources, the *pro se* incarcerated litigant cannot produce copies of requested documents, "then (and only then) may he respond either that no such documents exist or the documents exist but he cannot obtain copies." *White*, 2012 WL 202822 at *1.

## III.  DISCUSSION

### A.  Initial Disclosures

Plaintiffs first ask the Court to order Defendant to serve his Rule 26(a)(1) Initial Disclosures. *See* ECF No. [20] at 3-4. In support of this argument, Plaintiffs assert that, on February 5, 2026, their counsel met with Defendant at Krome Detention Center for the Rule 26(f) conference. *See* ECF No. [20] at 2. Pursuant to Rule 26(a)(1)(C), Plaintiffs argue that, Defendant's Initial Disclosures were due 14 days after the Rule 26(f) conference, making them due by February 19, 2026. *See* ECF No. [20] at 4. Plaintiffs contend that, even though *pro se* litigants are afforded some leniency, a *pro se* litigant must still comply with the Federal Rules of Civil Procedure; yet, Defendant refuses to do so. *See* ECF No. [20] at 4.

Although Defendant did not file a Response to the Motion, as he was required to do, the Court notes that, in his back-and-forth correspondence with Plaintiffs' counsel, he claims that due to his detention status, alleged indigency, and *pro se* status, he cannot comply with his discovery obligations. *See* ECF No. [20-2] at 2-3; ECF No. [20-4] at 3. As explained above, neither Defendant's *pro se* status, incarceration, nor indigency excuse him from complying with the Federal Rules of Civil Procedure, including his participation in preparing and serving Rule 26(a)(1) Initial Disclosures.[1] Therefore, Plaintiffs' Motion to Compel, ECF No. [20], with respect to Defendant's failure to serve Rule 26(a)(1) Initial Disclosures is **GRANTED.**

---

[1] While Rule 26(a)(1)(B)(iv) exempts certain proceedings involving *pro se* litigants from the requirements of Initial Disclosures, the exemption applies only to "an action *brought* without an attorney *by* a person in

Because Defendant has expressed some confusion in his meet-and-confer letters as to what is required of him to comply with this obligation, the Court sets forth the relevant text of Rule 26(a)(1) so that Defendant understands what he must do to comply with this Order:

(a) Required Disclosures.
  (1) *Initial Disclosure.*
  (A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

  (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

  (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

  (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

  (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**B. Responses to Plaintiffs' Requests for Production and First Set of Interrogatories**

Plaintiffs next ask the Court to compel Defendant to respond to their Requests for Production and First Set of Interrogatories, which they served on April 9, 2026. *See* ECF No. [20] at 4-5. Defendant's discovery responses were due on May 11, 2026, and despite efforts from Plaintiffs to secure his compliance, Defendant has refused to serve his responses. *See* ECF No.

---

the custody of the United States, a state, or a state subdivision." Fed. R. Civ. P. 26(a)(1)(B)(iv) (emphasis added). The plain text of Rule 26(a)(1)(B)(iv) does not exempt proceedings in which an action is brought *against* a *pro se* litigant in custody, only those actions brought "by" a *pro se* litigant in custody.

[20] at 4-5.  And Defendant has not requested an extension of time from Plaintiffs' counsel or the Court to serve his responses either.  *See generally* Docket.

Although Defendant has not filed a Response to the Motion, the record reveals that Defendant knows how to submit filings, as evidenced by his pending Motion to Dismiss, ECF No. [11], and can communicate with opposing counsel, as evidenced by the letters he has written during the meet-and-confer process, ECF No. [20-2]; ECF No. [20-4].  Accordingly, the Motion to Compel, ECF No. [20], as to Plaintiffs' Request for Production and First Set of Interrogatories is **GRANTED**.

Defendant shall provide Answers to Plaintiffs' Interrogatories and Responses to Plaintiffs' Request for Production of documents, along with any documents in his possession, custody, or control.  As explained above, "[c]ontrol is defined not only as possession, but as the legal right to obtain documents requested upon demand."  *Searock*, 736 F. 2d at 653.  Thus, Defendant must make a good faith effort to obtain responsive documents.  This means that, if any family members or friends are storing documents for him until he is released from ICE custody, then Defendant must attempt to obtain copies of any responsive documents from his friends, family, or wherever he has the information stored.  *See White*, 2012 WL 202822 at *1.  If, after exhausting all available resources, Defendant cannot produce copies of specific documents, "then (and only then) may he respond either that no such documents exist or the documents exist but he cannot obtain copies."  *Id.* at *1.

## IV.    CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel, **ECF No. [20],** is **GRANTED**.  Defendant **SHALL** produce his Rule 26(a)(1) Initial Disclosures, Responses to Plaintiffs' Requests for Production, and his Answers to their

CASE NO. 25-CV-26140-MOORE/Elfenbein

Interrogatories **no later than August 31, 2026**. Defendant's objections to Plaintiffs' Requests for Production and First of Set of Interrogatories are deemed **WAIVED**. Failure to comply with this Order may result in the imposition of sanctions, including but not limited to an award of attorney's fees.

        **DONE and ORDERED** in Chambers in Miami, Florida on August 10, 2026.

                                  **MARTY FULGUEIRA ELFENBEIN**
                                  **UNITED STATES MAGISTRATE JUDGE**

cc:     All Counsel of Record

8