**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| MARÍA ELENA UZCÁTEGUI CASTRO, CARLOS LUIS DOUBRONT CORRALES, ANDRÉS COLMENÁREZ FARÍAS, EHISLER MOISES VÁSQUEZ CARIDAD, and WLADIMIR JOSÉ DÍAZ GRANADILLO,<br><br>Plaintiffs,<br><br>v.<br><br>RAFAEL JOSÉ QUERO SILVA,<br><br>Defendant. | **Case No. 1:25-cv-26140-KMM** |

**PLAINTIFFS' MOTION FOR SANCTIONS INCLUDING ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(b)(2)(A)(vi)**

Plaintiffs María Elena Uzcátegui Castro, Carlos Luis Doubront Corrales, Andrés Colmenárez Farías, Ehisler Moises Vásquez Caridad, and Wladimir José Díaz Granadillo ("Plaintiffs"), by and through undersigned counsel, respectfully move this Court for sanctions against Defendant Rafael José Quero Silva ("Defendant"), including entry of default judgment, pursuant to Federal Rule of Civil Procedure ("Rule") 37(b)(2)(A)(vi), for Defendant's willful and bad faith failure to comply with this Court's Order Granting Plaintiffs' Motion to Compel (ECF No. [24]). In support thereof, Plaintiffs state as follows:

## I. INTRODUCTION

This Motion arises from Defendant's long and unbroken history of noncompliance with his discovery obligations and this Court's orders. Plaintiffs brought this lawsuit on December 30, 2025, alleging claims under the Torture Victim Protection Act, 28 U.S.C. § 1350 note, against Defendant, who is alleged to have personally ordered, authorized, and overseen the torture of each

Plaintiff during his tenure as a Lieutenant Colonel in the Guardia Nacional Bolivariana, a military branch of the Venezuelan state.

Since the outset of this litigation, Defendant has demonstrated a complete unwillingness to participate in the discovery process. As will be described in more detail in Section II, Defendant's failure to engage in this litigation began when he refused to participate in the parties' Rule 26(f) conference, in violation of the Court's Paperless Pretrial Order (ECF No. [5]). He then refused to serve his initial disclosures by the deadline of February 19, 2026, failed to respond to Plaintiffs' Requests for Production and Interrogatories by the deadline of May 11, 2026, and ignored Plaintiffs' multiple good-faith letters attempting to resolve his discovery deficiencies.

This pattern of noncompliance escalated when Defendant ignored the August 31, 2026 deadline imposed by the Court in its Order on Plaintiffs' Motion to Compel (ECF No. [24]), which expressly violated the Court's order and triggered the availability of default judgment as a sanction under Eleventh Circuit precedent. *United States v. Certain Real Prop. Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317–18 (11th Cir. 1997) (requiring the violation of a discovery order before granting default judgment). But Defendant did not stop there. He proceeded to violate two more of the Court's orders by failing to respond to its Orders to Show Cause (ECF Nos. [25], [26]). And Defendant has not filed any communication with the Court, responded to any of Plaintiffs' letters since May 14, 2026, or otherwise participated in this litigation since filing his Motion to Dismiss (ECF No. [11]) on January 21, 2026.[1]

It is evident from the record that Defendant has abandoned any defense of this action and has no intention of complying with any of his discovery obligations. *See Government Employees*

---

[1] Defendant's only attempt at participating in this action after filing his Motion to Dismiss was claiming in letters to the undersigned that his indigency and incarceration prevented him from participating in the discovery process. *See* ECF No. [20-2].

*Insurance Co. v. Gomez-Cortes*, No. 20-21558-Civ, 2022 WL 1499703, at *4 (S.D. Fla. May 12, 2022) (determining that "lesser sanctions . . . would be a waste of time when it is evident from the record that Defendants have abandoned their defense of this action and have no intention of ever complying with their discovery obligations"). Accordingly, Plaintiffs respectfully request that the Court render default judgment against Defendant as a sanction under Rule 37(b)(2)(A)(vi).

## II. FACTUAL BACKGROUND

### A. The Complaint

On December 30, 2025, Plaintiffs filed a Complaint against Defendant alleging claims under the Torture Victim Protection Act, 28 U.S.C. § 1350 note. ECF No. [1] ¶ 1. Plaintiffs allege that Defendant, while serving as the Lieutenant Colonel of the Guardia Nacional Bolivariana in Barquisimeto, Lara, Venezuela, "used his authority to orchestrate a violent crackdown on political dissent, targeting Venezuelan civilians who protested the contentious election of Nicolás Maduro in 2013 or who opposed the Venezuelan government." *Id.* Specifically, Defendant "ordered, authorized, and oversaw the torture of protesters and detainees, including the torture of each of the Plaintiffs." *Id.*

On January 21, 2026, Defendant chose to proceed *pro se* and filed a detailed, substantive Motion to Dismiss while detained by U.S. Immigration and Customs Enforcement ("ICE") at Krome Detention Center in Miami-Dade County, Florida, demonstrating his ability to engage with the litigation process despite his detention or alleged indigency. *See generally* ECF No. [11] (citing multiple Eleventh Circuit cases and interpreting the scope of federal statutes, federal regulations, and the Federal Rules of Civil Procedure). That motion has been fully briefed and remains pending.

### B. Defendant's Refusal to Participate in the Parties' Rule 26(f) Conference

On February 5, 2026, Plaintiffs' counsel traveled to Krome Detention Center to meet with Defendant for the purpose of conducting the court-mandated Rule 26(f) conference. *See* ECF No.

[20] at 2. However, Defendant refused to participate. *Id.* As a result, Plaintiffs were forced to unilaterally file the Scheduling Report (ECF No. [14]) on February 17, 2026. Defendant's lack of participation violated the Court's Paperless Pretrial Order, which expressly warned that failure to file a joint scheduling report could "result in dismissal, *default*, and the imposition of other sanctions including attorney's fees and costs." ECF No. [5] (emphasis added).

**C. Defendant's Failure to Serve Initial Disclosures**

Pursuant to Rule 26(a)(1)(C), initial disclosures were due on February 19, 2026, fourteen days after the parties' Rule 26(f) conference. Plaintiffs timely served their initial disclosures on February 12, 2026. *See* ECF No. [20] at 2. However, Defendant did not serve his initial disclosures by February 19, 2026 or in the many months since that deadline. *See id.* at 2.

Plaintiffs made multiple good-faith efforts to resolve Defendant's discovery deficiencies without the Court's intervention, offering generous extensions and providing Defendant with information about his obligations. First, on March 23, 2026, Plaintiffs served Defendant with a letter explaining that they would seek relief from the Court if initial disclosures were not provided by March 31, 2026. *See* ECF No. [20-1]. Defendant responded with a letter dated March 31, 2026, refusing to comply and claiming that his ICE detention, indigency, and lack of representation excused his obligations. *See* ECF No. [20-2].

On April 23, 2026, Plaintiffs served Defendant with another letter reiterating his obligation to produce initial disclosures, extended the deadline yet again to May 8, 2026, and attached a copy of Rule 26 to further inform Defendant of what was required of him. *See* ECF No. [20-3]. Defendant responded with a letter dated May 14, 2026, reiterating his claims of indigence and lack of legal knowledge, but declined to produce initial disclosures. *See* ECF No. [20-4].

Finally, on May 12, 2026, Plaintiffs served Defendant with a third letter reminding him of his obligations to provide initial disclosures and respond to Plaintiffs' First Set of Requests for

Production and First Set of Interrogatories, which had been served on April 9, 2026 and were due on May 11, 2026. *See* ECF No. [20-5]. Plaintiffs informed Defendant that failure to comply by May 20, 2026 would result in Plaintiffs seeking relief from the Court. *Id.* Again, Defendant did not respond.

**D. Defendant's Failure to Respond to Discovery Requests**

In addition to his failure to produce initial disclosures, Defendant failed to respond to Plaintiffs' First Set of Requests for Production and First Set of Interrogatories, which were served on April 9, 2026 and due on May 11, 2026. *See* ECF No. [20] at 2. Defendant has never requested an extension of time from Plaintiffs' counsel or the Court to serve his responses and, to date, has not responded to any of Plaintiffs' discovery requests.

**E. Violation of the Court's Order on Plaintiffs' Motion to Compel**

Having exhausted their good-faith efforts, Plaintiffs filed a Motion to Compel Initial Disclosures (ECF No. [20]) on June 4, 2026. The Court entered its Order on Plaintiffs' Motion to Compel (ECF No. [24]) on August 10, 2026, which provided Defendant until August 31, 2026 to "produce his Rule 26(a)(1) Initial Disclosures, Responses to Plaintiffs' Requests for Production, and his Answers to their Interrogatories." ECF No. [24] at 7–8. Consistent with his previous pattern of noncompliance, Defendant did not comply with the Court's Order by the deadline, nor has he complied in the weeks since August 31, 2026.

In issuing its Order, the Court observed that "the record reveals that Defendant knows how to submit filings, as evidenced by his pending Motion to Dismiss, ECF No. [11], and can communicate with opposing counsel, as evidenced by the letters he has written during the meet-and-confer process." ECF No. [24] at 7. The Order further warned that "[f]ailure to comply with this Order may result in the imposition of sanctions, including but not limited to an award of attorney's fees." ECF No. [24] at 8. The Court also explicitly rejected Defendant's claimed

excuses, finding that "neither Defendant's *pro se* status, incarceration, nor indigency excuse him from complying with the Federal Rules of Civil Procedure." ECF No. [24] at 5.

Notably, because Defendant had "expressed some confusion in his meet-and-confer letters as to what is required of him to comply with this obligation," the Court set forth the relevant text of Rule 26(a)(1) in its Order so Defendant would understand exactly what was required to comply. ECF No. [24] at 6. Despite this accommodation, Defendant did nothing.

**F. Defendant's Failure to Respond to Both of the Court's Orders to Show Cause**

On August 26, 2026, this Court entered its Paperless Order to Show Cause (ECF No. [25]) ("First Show Cause Order"), ordering Defendant to show cause on or before September 9, 2026 as to why sanctions should not be imposed for his failure to comply with the Paperless Pretrial Order (ECF No. [5]), which required the parties to file a joint scheduling report within ten days of their Rule 26(f) conference. Defendant did not respond.

On September 14, 2026, after Defendant failed to respond to the Court's First Show Cause Order by the Court's deadline, the Court entered a second Paperless Order to Show Cause (ECF No. [26]) ("Second Show Cause Order") and noted that Defendant "has now repeatedly failed to comply with the Court's Orders." In its Second Show Cause Order, the Court ordered Defendant to show cause on or before September 18, 2026 as to why the Court should not render a default judgment against him pursuant to Rule 16(f). ECF No. [26]. The Court also ordered Plaintiffs to confirm whether Defendant had complied with its Order on Plaintiffs' Motion to Compel. *Id.* In their Response to Order to Show Cause (ECF No. [27]), Plaintiffs confirmed that Defendant had not complied with any aspect of the Court's Orders. *See generally* ECF No. [27].

## III. LEGAL STANDARD

### A. Rule 37 Grants District Courts Broad Authority to Impose Sanctions for Discovery Violations

Rule 37 grants district courts "broad authority" to control discovery. *McBride v. Walmart Stores E., L.P.*, No. 18-25072-Civ, 2020 WL 3001384, at *2 (S.D. Fla. May, 15, 2020). Rule 37(b) authorizes courts to impose sanctions "as are just" against a party that violates a discovery order. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) (quoting Fed. R. Civ. P. 37(b)(2)). A district court has "substantial discretion in deciding whether and how to impose sanctions under Rule 37." *Id.*

Among the sanctions available under Rule 37, Rule 37(b)(2)(A)(vi) expressly authorizes "rendering a default judgment against the disobedient party" for failure to obey a discovery order. The Eleventh Circuit has held that default judgment is available "only if noncompliance is due to willful or bad faith disregard of court orders." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1542 (11th Cir. 1985). A violation of a court order "caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

Critically, the Eleventh Circuit has instructed that "sanctions as draconian as [entry of a default judgment] for discovery violations under Rule 37 must be preceded by an order of the court compelling discovery, the violation of which might authorize such sanctions." *United States v. Certain Real Prop. Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1318 (11th Cir. 1997). That prerequisite is satisfied here because the Court entered its Order Granting Plaintiffs' Motion to Compel on August 10, 2026 (ECF No. [24]), and Defendant has violated that Order by missing its deadline.

When Rule 37 sanctions are sought, the party who failed to comply with the discovery order may avoid sanctions by establishing that the failure was "substantially justified or harmless," but "[t]he burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). Here, Defendant has violated multiple Orders from this Court without providing any explanation whatsoever for his noncompliance. Defendant has therefore not met his burden of establishing that his noncompliance was substantially justified or harmless.

**B. Pro Se Status and Indigency Do Not Excuse Willful Noncompliance**

While federal courts generally afford pro se litigants some leniency, "pro se litigants still must comply with procedural rules." *Maus v. Ennis*, 513 F. App'x 872, 878 (11th Cir. 2013). The Eleventh Circuit has confirmed that "*pro se* litigants are subject to the Federal Rules of Civil Procedure, including sanctions for misconduct and for failure to comply with court orders." *Id.* Specifically, "[a] party's *pro se* status or indigency does not excuse willful noncompliance or preclude dismissal as a sanction." *McBride*, 2020 WL 3001384, at *2 (quoting *Alfaro v. Anheuser-Busch, LLC*, 2017 WL 1683185, at *13 (M.D. Fla. Feb. 24, 2017) (citing *Watts v. Ford Motor Co.*, 648 F. App'x 970, 973 (11th Cir. 2016))).

As the Eleventh Circuit has explained, "[i]f a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Further, this Court already found in its Order on Plaintiffs' Motion to Compel that "neither Defendant's *pro se* status, incarceration, nor indigency excuse him from complying with the Federal Rules of Civil Procedure, including his participation in preparing and serving Rule 26(a)(1) Initial Disclosures." ECF No. [24] at 5. Therefore, Defendant's *pro se* and alleged indigency status do not grant him immunity for willfully violating the Court's orders.

### C. Two-Step Process for Default Judgment Under Rule 37

Courts in the Southern District of Florida apply a two-step process to determine whether to enter default judgment under Rule 37. *See Huang v. Chen*, No. 22-CV-60354, 2023 WL 6376703, at *2 (S.D. Fla. Sept. 14, 2023), *report and recommendation adopted*, 2023 WL 6376737 (S.D. Fla. Sept. 29, 2023). First, "[w]hen a party refuses to participate in discovery, the court may issue an order compelling the disclosure and for appropriate sanctions." *Id.* (citing Fed. R. Civ. P. 37(a)(3)(A)). Second, "[i]f a party then disobeys the court's order, more severe sanctions are available, including the entry of a default judgment." *Huang*, 2023 WL 6376703, at *2; *see also* Fed. R. Civ. P. 37(b)(2)(A)(vi). Both steps have been satisfied here.

## IV. ARGUMENT

### A. Defendant's Noncompliance Is Willful and in Bad Faith

Defendant's failure to comply with Magistrate Judge Elfenbein's Order is not the product of "simple negligence, misunderstanding, or inability to comply." *Malautea*, 987 F.2d at 1542. Rather, the record overwhelmingly demonstrates that Defendant's ongoing noncompliance is willful and in bad faith for three reasons.

First, Defendant has demonstrated that he is capable of engaging in the litigation process when he chooses to do so. On January 21, 2026, he filed a detailed, substantive Motion to Dismiss (ECF No. [11]). As the Court observed, "the record reveals that Defendant knows how to submit filings, as evidenced by his pending Motion to Dismiss, ECF No. [11], and can communicate with opposing counsel, as evidenced by the letters he has written during the meet-and-confer process." ECF No. [24] at 7. Yet, Defendant has chosen not to participate in any aspect of the discovery process.

Second, Defendant has affirmatively expressed his intention not to comply, which supports a finding of willfulness. In his letter to Plaintiffs' counsel, Defendant stated that "it is impossible

for me to respond to [Plaintiffs'] request," despite having already filed his motion to dismiss. *See* ECF No. [20-4]. Defendant cannot have it both ways. If it was possible for Defendant to file a detailed, substantive motion to dismiss, then it is equally possible for Defendant to respond to Plaintiffs' discovery requests.

Third, Defendant was given every reasonable opportunity to comply. Plaintiffs' counsel traveled to Krome Detention Center to meet with Defendant for the Rule 26(f) conference. Plaintiffs served Defendant with three separate letters over the course of nearly two months, offering generous extensions of time and attaching a copy of Rule 26 to inform him of his obligations. In its Order on Plaintiffs' Motion to Compel, the Court extended the deadline to the end of August and even reproduced the full text of Rule 26(a)(1) so Defendant would understand what was required. ECF No. [24] at 6. Despite all of these accommodations, Defendant has done nothing.

This pattern of conduct is virtually indistinguishable from the conduct that has warranted default judgment in this District. In *Soffersapp*, the court entered default judgment against a *pro se* defendant who refused to comply with court orders, noting that "his actions show no intent to defend or otherwise participate in this action. [Defendant]'s conduct has been willful and in bad faith, demonstrating continuing disregard for the Court's Rules and authority and resulting in unreasonable and unjustified delays and disruption to this litigation." *Michael Grecco Prods., Inc. v. Soffersapp, LLC*, No. 16-24966-Civ, 2017 WL 5665370, at *4 (S.D. Fla. Sept. 27, 2017). Similarly, in *Gomez-Cortes*, the court entered default judgment where "it is evident from the record that Defendants have abandoned their defense of this action and have no intention of ever complying with their discovery obligations." *Gomez-Cortes*, 2022 WL 1499703, at *4. And in *Mitchel*, the court granted default judgment because the *pro se* defendants "willfully disobeyed

and ignored the Court's order to comply with Plaintiff's Request for Production, produce their Rule 26(a) Initial Disclosures, and explain their failure to appear for telephonic deposition." *Mitchel v. VegasSportsConsultants.com*, No. 18-cv-61404, 2019 WL 3426038, at *3 (S.D. Fla. May 23, 2019). Here, as in those cases, Defendant has refused to comply with the Court's Orders and shown no intent to defend or otherwise participate in this action. Therefore, Defendant's noncompliance has been willful and in bad faith.

**B. The Two-Step Prerequisite for Default Under Rule 37 Has Been Satisfied**

The Eleventh Circuit requires that "sanctions as draconian as [default judgment] for discovery violations under Rule 37 must be preceded by an order of the court compelling discovery, the violation of which might authorize such sanctions." *Certain Real Prop. Located at Route 1*, 126 F.3d at 1318. Applying the two-step inquiry adopted by courts in this District, both prongs are satisfied. *See Huang*, 2023 WL 6376703, at *2.

On August 10, 2026, this Court granted Plaintiffs' Motion to Compel, ordering Defendant to produce his Rule 26(a)(1) Initial Disclosures, Responses to Plaintiffs' Requests for Production, and Answers to Plaintiffs' Interrogatories no later than August 31, 2026. ECF No. [24] at 7–8. The Order expressly warned that failure to comply could "result in the imposition of sanctions, including but not limited to an award of attorney's fees." ECF No. [24] at 8. Thus, the first prong was satisfied by the Court's Order.

The August 31, 2026 deadline has long passed, and Defendant has not produced any initial disclosures, any responses to Plaintiffs' Requests for Production, or any answers to Plaintiffs' Interrogatories. Defendant has not filed anything with the Court, contacted Plaintiffs' counsel, or given any indication whatsoever that he intends to comply. Defendant's failure to comply by August 31, 2026 is a violation of the Court's Order, thus satisfying the second prong.

### C. Defendant Has Been Warned That Noncompliance Could Result in Default

Courts in this District have noted the significance of prior warnings when entering default. *See Gomez-Cortes*, 2022 WL 1499703, at *3 (acknowledging that the court had "warned Defendants that additional violations of the Court's directives could subject them [sic] more severe sanctions"); *Soffersapp*, 2017 WL 5665370, at *2 (noting that the order granting the motion to compel warned that "[f]ailure to comply with this last Order may entitle Plaintiff to further sanctions under Rule 37, including entry of default judgment").

Here, Defendant has received multiple warnings that his continued noncompliance could result in default or other severe sanctions. The Paperless Pretrial Order (ECF No. [5]) expressly cautioned that failure to comply could "result in dismissal, default, and the imposition of other sanctions." The Court's Order on Plaintiffs' Motion to Compel (ECF No. [24]) warned that failure to comply "may result in the imposition of sanctions, including but not limited to an award of attorney's fees." ECF No. [24] at 8. And, most significantly, the Court's Second Show Cause Order (ECF No. [26]) explicitly asked Defendant to explain why the Court "should not render a default judgment against him." Despite these clear and repeated warnings, Defendant has not responded.

### D. Lesser Sanctions Would Not Ensure Compliance

The Eleventh Circuit has explained that default judgment "is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea*, 987 F.2d at 1542. In *Maus*, the Eleventh Circuit affirmed default judgment where the defendant "exhibited a pattern of conduct that showed disrespect for the court's rules and a lesser sanction would have been *insufficient to ensure his cooperation*." *Maus*, 513 F. App'x at 879 (emphasis added).

Here, lesser sanctions cannot ensure Defendant's compliance because Defendant has demonstrated an absolute unwillingness to participate in this litigation. Monetary sanctions, such

as attorneys' fees, would be ineffective given Defendant's claimed indigency. An order precluding Defendant from introducing evidence at trial would be meaningless because Defendant has given no indication that he intends to participate in a trial. In short, there is no other sanction available that will persuade or compel Defendant to comply with the Court's Orders. This case presents the rare circumstances in which default judgment is the only viable option.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion for Sanctions, render default judgment against Defendant Rafael José Quero Silva pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vi), and grant any further relief deemed just and proper.

Dated: October 6, 2026

Respectfully submitted,

**MCDERMOTT WILL & SCHULTE LLP**

*/s/ Oliver Benton Curtis, III*
Oliver Benton Curtis, III (FBN 118156)
bcurtis@mcdermottlaw.com
Kelly Shami (FBN 0123930)
kshami@mcdermottlaw.com
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131

Douglas H. Carsten (admitted pro hac vice)
McDermott Will & Schulte LLP
12636 High Bluff Drive, Suite 325
San Diego, CA 92130
dcarsten@mcdermottlaw.com

Madelaine G. Altman (admitted pro hac vice)
The Guernica37 Centre for International Justice
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111
madelainea@guernicacentre.org

*Attorneys for Plaintiffs María Elena Uzcátegui Castro, Carlos Luis Doubront Corrales, Andrés Colmenárez Farías, Ehisler Moises Vásquez Caridad, and Wladimir José Díaz Granadillo*

## CERTIFICATE OF GOOD-FAITH CONFERRAL

I HEREBY CERTIFY that pursuant to Fed. R. Civ. P. 37 and Local Rule 7.1, the undersigned has made substantial and repeated good-faith efforts to confer with Defendant to resolve the issues raised in this motion, but was unsuccessful. As detailed in this Motion, Plaintiffs served Defendant with three separate letters attempting to resolve his discovery deficiencies. Defendant has refused to comply with his discovery obligations, has not responded to Magistrate Judge Elfenbein's Order, and has not responded to two separate Orders to Show Cause from this Court. Therefore, further efforts to confer would be futile.

*/s/ Oliver Benton Curtis, III*
Oliver Benton Curtis, III

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **October 6, 2026**, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. A copy was also served on Defendant Rafael José Quero Silva by U.S. Mail at his last known address pursuant to Fed. R. Civ. P. 5(b)(2)(C): Krome Service Processing Center, 18201 SW 12th St, Miami, Florida 33194.

*/s/ Oliver Benton Curtis, III*
Oliver Benton Curtis, III